UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

───────────────────────────────

JASON H.,[1]

    Plaintiff,

v.                                    21-CV-910 (JLS)

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

───────────────────────────────

**DECISION AND ORDER**

Plaintiff Jason H. brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) of the Social Security Act, seeking review of the decision of the Commissioner of the Social Security Administration that he was not disabled. Dkt. 1. Plaintiff moved for judgment on the pleadings. Dkt. 9. The Commissioner responded and cross-moved for judgment on the pleadings, to which Plaintiff replied. Dkts. 11, 13. For the reasons below, this Court denies Plaintiff's motion and grants the Commissioner's cross-motion.

---

[1] Pursuant to the Western District of New York's November 18, 2020 Standing Order regarding the naming of plaintiffs in Social Security decisions, this decision and order identifies Plaintiff by first name and last initial.

## PROCEDURAL HISTORY

This action originates from Plaintiff's application for Disability Insurance Benefits ("DIB") and his application for Social Security Income ("SSI") filed on June 13, 2019.[2] Tr. 214–18.[3] Plaintiff's application was initially denied, and he requested a hearing before an administrative law judge ("ALJ"). Tr. 100–14, 162–65. Following the hearing, in which Plaintiff was represented by counsel, ALJ Vincent M. Cascio issued a decision finding that Plaintiff was not disabled. Tr. 22–36. Plaintiff's request for Appeals Counsel review was denied, after which Plaintiff commenced this action. Tr. 1–7; Dkt. 1.

## LEGAL STANDARDS

### I. DISTRICT COURT REVIEW

Judicial review of disability claims under the Act is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. *See* 42 U.S.C. § 405(g); *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). The Commissioner's factual findings are conclusive

---

[2] Plaintiff applied for both DIB and SSI. To receive DIB, a claimant must show that he became disabled while meeting the Act's insured status requirements. *See* 42 U.S.C. § 423(d)(1)(A); *Schillo v. Kijakazi*, 31 F.4th 64, 69–70 (2d Cir. 2022). SSI, on the other hand, "provides benefits to each aged, blind, or disabled individual who does not have an eligible spouse and whose income and resources fall below a certain level." *Clark v. Astrue*, 602 F.3d 140, 142 (2d Cir. 2010) (quoting 42 U.S.C. § 1382(a)) (internal quotation marks omitted). The Social Security Administration uses the same five-step evaluation process to determine adult eligibility for both programs. *See* 20 C.F.R. §§ 404.1520(a)(4) (concerning DIB), 416.920(a)(4) (concerning SSI).

[3] The filings at Dkts. 6 and 7 are the transcript of the proceedings before the Social Security Administration. All the references to Dkts. 6 and 7 are hereby denoted "Tr. __."

when supported by substantial evidence. *See Biestek v. Berryhill*, 139 S. Ct. 1148, 1152 (2019). "Substantial evidence" is "more than a mere scintilla" and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal quotation marks and citation omitted).

The Court does not determine *de novo* whether the claimant is disabled, but the Commissioner's conclusions of law are not given the same deferential standard of review. *See Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003). If there is a reasonable basis of doubt about whether the ALJ applied the correct legal standards, then upholding the determination "creates an unacceptable risk that a claimant will be deprived of the right to have his disability determination made according to correct legal principles." *Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987); *see Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quoting *Cruz v. Sullivan*, 912 F.2d 8, 11 (2d Cir. 1990)) (holding that the Court's review for legal error ensures "that the claimant has had a full hearing under the . . . regulations and in accordance with the beneficent purposes of the . . . Act.").

## II.  DISABILITY DETERMINATION

Disability under the Act is determined under a five-step test. *See Bowen v. City of New York*, 476 U.S. 467, 470–71 (1986); 20 C.F.R. § 404.1520. First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities and is normally done for pay

or profit. 20 C.F.R. § 404.1572. If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b).

Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limits the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id.*

Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

Even if the claimant is not declared disabled under the third step, the ALJ may still find disability under the next two steps of the analysis. The ALJ must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 404.1520(e). The RFC is a holistic assessment of the claimant's medical impairments, both severe and non-severe, that evaluates the claimant's ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. 20 C.F.R. § 404.1545.

In the fourth step, the ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past

relevant work, the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with his or her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the Commissioner to prove that a significant number of jobs in the national economy exists that the claimant can perform given his or her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c); *see Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999).

## DISCUSSION

### I.   THE ALJ'S DECISION

The ALJ determined that Plaintiff had not engaged in substantial gainful activity from May 2, 2018, his alleged onset date, through September 30, 2019, his date last insured. Tr. 24. The ALJ found that the claimant suffered from the following severe impairments: degenerative disc disease of the cervical spine with cervical radiculopathy and cervical syringomyelia; degenerative disc disease of the lumbar spine, status post multiple spinal surgeries with post-laminectomy syndrome; femoroacetabular impingement of the right hip; obesity, status post gastric bypass surgery; coronary artery disease with history of myocardial infarction; and syncope. Tr. 24–25. The ALJ concluded, however, that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 27.

After considering the entire record, the ALJ determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a) with the following limitations:

> [Plaintiff] can lift and/or carry 20 lbs. occasionally and 10 pounds frequently. He can stand and/or walk for two hours in an 8-hour workday and can sit for six hours in an 8-hour workday. [Plaintiff] can occasionally climb ramps and stairs, but can never climb ropes, ladders, or scaffolds. He can occasionally balance, stoop, crouch, and kneel, but can never crawl. [Plaintiff] can occasionally push and pull with the upper and lower extremities. He must avoid exposure to unprotected heights or hazardous machinery. [Plaintiff] must be limited to jobs that can be performed while using a hand-held assistive device for prolonged ambulation.

Tr. 28.[4]

The ALJ found that Plaintiff was unable to perform any past relevant work through the date last insured. Tr. 34. But the ALJ concluded that Plaintiff was not disabled because his age, education, work experience, and RFC allowed him to perform jobs existing in significant numbers in the national economy. Tr. 35. As such, according to the ALJ, Plaintiff had not been under a disability from May 2, 2018, his alleged onset date, through September 30, 2019, the date last insured. Tr. 36.

---

[4] As defined in the regulations, "sedentary work" involves:
> lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking is often necessary in carrying out job duties. Jobs are sedentary is walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a).

## II. PLAINTIFF'S ARGUMENT

Plaintiff makes three arguments related to consultative examiner Dr. Russell Lee, M.D.'s opinion. First, Plaintiff argues that a portion of the ALJ's RFC runs contrary to the opinion evidence provided by Dr. Lee. Dkt. 9, at 14–15. Second, Plaintiff argues that the RFC is not supported by substantial evidence because the ALJ did not include Dr. Lee's opinion that Plaintiff needs to use a cane for more than ambulation. *Id.* at 15. Lastly, Plaintiff asserts that harmful error occurred because the ALJ failed "to explain why the sitting limitation, and arguably the greater reliance on a medically necessary cane and walker, was not incorporated into the RFC." *Id.* at 20.

Plaintiff makes three additional arguments related to the ALJ's conclusion that Plaintiff was capable of sedentary work. First, Plaintiff argues that an "assessment of a moderate limitation for prolonged sitting alone is not inconsistent with a finding that a claimant an perform sedentary work . . . [but] when combining a moderate limitation for prolonged sitting with moderate to severe limitations in standing and/or walking, this [c]ourt has found sedentary work may be precluded." *Id.* at 15–16. Next, Plaintiff asserts that the ALJ's finding that Plaintiff can perform a range of sedentary work is not supported by substantial evidence. *Id.* at 20–21. Finally, Plaintiff states that the "ALJ's rationale that Plaintiff sustained improvement with treatment which would allow him to perform a sedentary RFC is not supported by substantial evidence." *Id.* at 22.

## III. ANALYSIS

**A. The ALJ properly assessed Dr. Lee's opinion.**

The ALJ's RFC determination is not inconsistent with Dr. Lee's finding of moderate limitations. *See Hill v. Berryhill,* 2019 WL 144920, at *7 (W.D.N.Y. Jan. 9, 2019) (holding that "moderate limitations in the claimant's ability to engage in prolonged sitting, standing, and walking" were "not inconsistent with a sedentary work limitation"). On August 30, 2019, Dr. Lee examined Plaintiff and opined that Plaintiff "has moderate limitations for activities involving prolonged standing, prolonged sitting, walking great distances, bending, and lifting," and "is limited from activities requiring mild or greater exertion." Tr. 830, 835.

As Plaintiff concedes, courts within the Second Circuit have recognized that moderate limitations in prolonged sitting are not necessarily inconsistent with the ability to perform the up to six hours of sitting (at approximately two-hour intervals, interrupted by morning and afternoon breaks, and a lunch period) required for sedentary work. *Zacharopolous v. Saul,* 516 F. Supp. 3d 211, 229 (E.D.N.Y. 2021) (medical opinion describing moderate limitations in prolonged walking, sitting, and standing supports an RFC for a range of work at the sedentary level); *Lisa P. v. Comm'r,* 2021 WL 826715, at *3 (W.D.N.Y. Mar. 4, 2021) ("[A] moderate limitation in the ability to sit does not necessarily preclude a finding that the claimant can meet the sitting demands of sedentary work"); *Ali S. M. v. Comm'r,* 2022 WL 23223, at *9 (W.D.N.Y. Jan. 3, 2022) ("[A] moderate limitation in the ability to sit does not necessarily preclude a finding that [p]laintiff can meet the

8

sitting demands of sedentary work"); *Marty S. v. Comm'r,* 2022 WL 472566, at *17 (W.D.N.Y Feb. 16, 2022) (moderate limitations in sitting "are not necessarily inconsistent with the ability to perform . . . sedentary work").

Generally, a plaintiff's RFC is the most he can do despite his limitations. 20 C.F.R. § 404.1545(a)(1). An ALJ must "weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue,* 508 F. App'x 53, 56 (2d Cir. 2013); *accord Nora V. v. Comm'r of Soc. Sec.,* 551 F. Supp. 3d 85, 93 (W.D.N.Y. 2021). The ultimate RFC determination need not correspond "with any of the opinions of medical sources cited in [the ALJ's] decision." *Matta,* 508 F. App'x at 56.

Here, Dr. Lee opined that Plaintiff had only "moderate" limitations in prolonged sitting, standing, and walking great distances. Tr. 829. These limitations are consistent with the ALJ's RFC determination that Plaintiff could perform sedentary work and, thus, not contrary to Dr. Lee's opinion that Plaintiff had moderate limitations in prolonged sitting, standing, walking great distances, bending, and lifting. Tr. 830, 835.

In arguing that the "ALJ's rationale that Plaintiff sustained improvement with treatment which would allow him to perform a sedentary RFC is not supported by substantial evidence," Plaintiff points to Dr. Lee's statement that an assistive device was medically necessary, and an additional treatment visit noting that Plaintiff ambulated with a cane. Dkt. 9, at 21 (citing Tr. 827–28, 839). But Dr. Lee did not assert that Plaintiff required a cane and walker; rather, he relayed

9

Plaintiff's assertion that "he uses a can and a walker . . . for weightbearing and balance." Tr. 827. Dr. Lee opined that Plaintiff had moderate limitations in prolonged standing and walking great distances. *Id.* Moreover, the following month, Plaintiff "no longer use[d] any assistive devices with ambulating" and exhibited normal gait and station. Tr. 919–20. Dr. Lee's medical source statement did not include any specific limitations concerning the need for an assistive device, and the limitations Dr. Lee included are consistent with the ALJ's RFC determination that Plaintiff could perform sedentary work. Tr. 829.

### B. Substantial evidence supports the ALJ's determination that Plaintiff can perform sedentary work.

Plaintiff's assertion, that an "assessment of a moderate limitation for prolonged sitting alone is not inconsistent with a finding that a claimant an perform sedentary work . . . [but] when combining a moderate limitation for prolonged sitting with moderate to severe limitations in standing and/or walking, this [c]ourt has found sedentary work may be precluded," is misplaced. Dkt. 9, at 15–16. Here, the ALJ properly evaluated the objective medical evidence to determine that Plaintiff could perform sedentary work. On October 8, 2019, John Pollina, Jr., M.D., the director of spine surgery at the University at Buffalo Neurosurgery practice, met with Plaintiff for a consultation related to Plaintiff's lumbar complaints. Tr. 919. The ALJ found Dr. Pollina's opinion—that Plaintiff exhibited normal gait, no back tenderness, and intact range of motion—persuasive. *Id.* at 30 (citing Tr. 919–20). These findings support the ALJ's RFC determination. *See White v. Berryhill*, 753 F. App'x 80, 82 (2d Cir. 2019) (upholding a light RFC based

10

on an opinion that the claimant had "moderate limitations" in standing, sitting, and performing other activities); *Henderson v. Comm'r of Soc. Sec.*, 2019 WL 3237343, at *5 (W.D.N.Y. July 18, 2019) (findings of normal gait and strength are consistent with the ability to perform light work).

Here, when determining Plaintiff's RFC, the ALJ properly considered Plaintiff's testimony that he drives, watches TV, can manage money unassisted, and does his own shopping. Tr. 52, 55–56, 59. *Davis v. Comm'r of Soc. Sec.*, 2020 WL 6135858, at *4 (W.D.N.Y. Oct. 19, 2020) (plaintiff's activities, including the ability to dress, bathe, groom, shop, and perform light cooking, cleaning, and laundry supported an RFC for sedentary work); *McGonagle v. Kijakazi,* No. 22-637, 2022 WL 17724696, at *1 (2d Cir. Dec. 16, 2022) (2d Cir. 2022) ("[A]s long as the ALJ provides 'specific reasons' for finding testimony not credible, his 'credibility determination is generally entitled to deference on appeal.'") (citing *Selian v. Astrue,* 708 F.3d 409, 420 (2d Cir. 2013)); *Snyder v. Comm'r of Soc. Sec.,* No. 22-CV-227, 2023 WL 1943108, at *3 (2d Cir. Feb. 13, 2023) (picking up children from school, helping parents with finances, laundry, food shopping, paying bills, feeding a puppy, attending appointments, and planning her wedding supported the ALJ's determination to limit plaintiff to unskilled sedentary work); *Tibbles v. Comm'r of Soc. Sec.,* No. 22-CV-1127, 2023 WL 3477127, at *2 (2d Cir. May 16, 2023) (the ALJ properly assessed plaintiff's condition over a broad period and discarded plaintiff's testimony that was inconsistent with the objective medical evidence that suggested plaintiff did not have any muscle atrophy and was able to stand or walk for 30 to 40

minutes at a time). Indeed, "the supportability of an RFC finding of sedentary work, despite moderate limitations in prolonged sitting, is particularly strong where, as here, the record also includes evidence that plaintiff is able to perform activities of daily living that involve some . . . sitting." *Kevin M. v. Kijakazi,* 2022 WL 2704527, at *3 (W.D.N.Y. July 12, 2022) (citing *Rosa v. Comm'r,* 2022 WL 2274720, at *29–30 (E.D.N.Y. 2022)).

The RFC determination is "the most [a claimant] can do despite [his] limitations," and is based on a review of the relevant evidence in the case, including medical and nonmedical evidence. 20 C.F.R. § 416.495(a). Under the substantial evidence standard of review, Plaintiff cannot merely disagree with the ALJ's weighing of the evidence or argue that evidence in the record could support his position. Plaintiff must show that no reasonable factfinder could have reached the ALJ's conclusions based on the evidence in the record. *See Brault v. Soc. Sec. Admin. Comm'r,* 683 F.3d 443, 448 (2d Cir. 2012); *see also Wojciechowski v. Colvin,* 967 F. Supp.2d 602, 605 (N.D.N.Y. 2013) (commissioner's findings must be sustained if supported by substantial evidence even if substantial evidence supported the plaintiff's position). Ultimately, it is Plaintiff's burden to prove a more restrictive RFC than the RFC assessed by the ALJ, and Plaintiff fails to do so here. *See Smith v. Berryhill,* 740 F. App'x 721, 726 (2d Cir. 2018).

## CONCLUSION

For these reasons, the Court **GRANTS** the Commissioner's cross motion for judgment on the pleadings (Dkt. 11) and **DENIES** Plaintiff's motion for judgment on the pleadings (Dkt. 9). The Clerk of the Court will close this case.

SO ORDERED.

Dated:   May 13, 2024
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE